UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SAKORA VARONE, *pro se*,                         :
                                                 :
              Petitioner,            :
                                                 :
            -against-                         :    **MEMORANDUM AND ORDER**
                                                 :    09-CV-5703 (DLI)
UNITED STATES,                                   :
                                                 :
              Respondent.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner Sakora Varone ("Petitioner") timely filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 ("Section 2255"), challenging her conviction for knowingly and intentionally conspiring to distribute and possess with intent to distribute one or more controlled substances in violation of 21 U.S.C. §§ 841(a)(1). (*See generally* Docket 09-CV-5703, Entry No. 1 ("Petition").) On February 18, 2009, Petitioner was sentenced to 135 months of imprisonment followed by five years of supervised release. (Docket 09-CV-5703, Entry No. 4, Ex. C, February 18, 2009 Sentencing Transcript ("Sentencing Tr.") at 39.) On March 5, 2009, Petitioner filed a notice of appeal with the Second Circuit Court of Appeals ("Second Circuit"), which was dismissed by order dated February 8, 2010. (*See* Second Circuit Docket 09-CR-912.) In the instant petition, Petitioner contends that she received ineffective assistance of counsel, and, as a result: (i) her Sixth Amendment rights were violated; (ii) she unknowingly, involuntarily or unintelligently pled guilty; and (iii) she was denied her right to

---

[1] In reviewing plaintiff's petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

appeal her conviction and sentence. (Petition at ¶ 12.) The Government opposed. For the reasons set forth below, the petition for writ of *habeas corpus* is denied in its entirety.

## BACKGROUND

On April 16, 2008, under oath and represented by counsel, Petitioner pled guilty pursuant to a written plea agreement to Count One of the superseding indictment, which charged that defendant knowingly and intentionally conspired with others to distribute and possess with intent to distribute fifty grams or more of base cocaine ("crack") and five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. (*See* Docket 09-CV-5703, Entry No. 4, Ex. B ("Plea Agreement") at ¶¶ 1-2; *id.*, Ex. A, April 16, 2008 Guilty Plea Transcript ("Guilty Plea Tr.") at 2-3, 8-9, 14-15, 28-29.) This charge carries a mandatory minimum ten-year prison sentence and a maximum of life. (*See* Guilty Plea Tr. at 16; Plea Agreement at ¶ 1.) The written plea agreement Petitioner entered into on April 16, 2008 states, *inter alia*, that, as long as Petitioner had no prior convictions, the likely adjusted offense level under the United States Sentencing Guidelines ("U.S.S.G.") would be 34, which carries a range of imprisonment of 151-181 months, and, if Petitioner pled guilty on or before April 16, 2008, the government would move for a reduction of one point, resulting in an offense level of 33, which carries a range of imprisonment of 135-168 months. (Plea Agreement at ¶ 2.) The Plea Agreement also explicitly states that the guidelines estimate is not binding on the government, Probation Department or the court, and, if the court were to impose a term of imprisonment of 181 months or less, then Petitioner waived her right to appeal or collaterally attack the sentence pursuant to Section 2255 or any other provision of law. (*Id.* at ¶¶ 3, 4.)

On December 28, 2009, Petitioner filed the instant petition for a writ of habeas corpus pursuant to Section 2255. Petitioner claims her Sixth Amendment right to effective assistance of

counsel was violated because her attorney improperly: (i) advised Petitioner that there would be a two-point reduction in her U.S.S.G. range due to the amended crack law[2]; (ii) assured Petitioner that she would be sentenced to 60 months of imprisonment at most; (iii) failed to submit the motions requested by Petitioner;[3] (iv) had Petitioner lie to the government to qualify for application of the safety valve; (v) failed to present Petitioner with sufficient time to review both the Plea Agreement and counsel's promise that Petitioner would receive far less time than the amount indicated in the Plea Agreement, and, thus, Petitioner's guilty plea was not knowing, voluntary or intelligently made; and (vi) advised Petitioner that she did not give up all of her rights to appeal even though, by signing the Plea Agreement, Petitioner did agree to give up those rights if the sentence imposed was 181 months or below. (Petition at ¶ 12.)

## DISCUSSION

### I. Petitioner Waived Her Right to Seek *Habeas* Relief

In general, the Second Circuit rejects attempts to challenge a conviction where a petitioner waived that right pursuant to a written plea agreement. *See Garcia-Santos v. United States*, 273 F. 3d 506, 508-09 (2d Cir. 2001) (*per curiam*); *United States v. Pipitone*, 67 F. 3d 34, 39 (2d Cir. 1995). Courts have also enforced such waivers when a petitioner agrees, pursuant to a written plea agreement, not to challenge a sentence within a stipulated U.S.S.G. range. *See Garcia-Santos*, 273 F. 3d at 507-09 (holding a petitioner's waiver of appeal and collateral attack binding in a Section 2255 proceeding where the imprisonment term was within the stipulated guideline range); *Pipitone*, 67 F. 3d at 39 (holding a petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within [the] guideline range," within which he

---

[2] Petitioner does not specify which amended crack law she is referring to. In any event, as discussed more fully *infra*, Petitioner is not entitled to any reduction under any amended crack law given the circumstances of this case.

[3] Notably, Petitioner fails to specify which motions counsel failed to submit.

3

was ultimately sentenced, precluded him from both directly appealing or collaterally challenging his sentence).

Here, the record is clear that Petitioner signed the written Plea Agreement, and knowingly and voluntarily waived her right to seek *habeas* relief. (*See* Guilty Plea Tr. at 2-3, 8-9, 14-15, 26, 29-30.) By entering into the Plea Agreement, Petitioner explicitly agreed to "not file an appeal or otherwise challenge, by petition pursuant to [Section] 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 181 months or below." (Plea Agreement at ¶ 4.) Notably, Petitioner stated to the court, under oath, that she understood that agreement. (Guilty Plea Tr. at 13.) As Petitioner ultimately received a sentence of 135 months of imprisonment, which was below the waiver of appeal threshold stipulated in her Plea Agreement, Petitioner waived her right to challenge her conviction and sentence.[4]

## II. Petitioner's Claim of Ineffective Assistance of Counsel is Without Merit

Petitioner seeks to circumvent the waiver of her right to appeal by raising claims of ineffective assistance of counsel. The Second Circuit has held that "a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." *United States v. Hernandez*, 242 F. 3d 110, 113-14 (2d Cir. 2001) (citing *United States v. Djelevic*, 161 F. 3d 104, 107 (2d Cir. 1998)). Therefore, a waiver is not enforceable if a defendant can demonstrate that she unknowingly or involuntarily agreed to the plea directly due to the ineffective assistance of her counsel. *See Hernandez*, 242 F. 3d at 113-14.

---

[4] There was discussion during the April 16, 2008 plea allocution proceedings before this court as to whether the maximum of the sentencing guideline range pursuant to the plea agreement would be 181 months or 168 months due to the date of the plea. (*See* Guilty Plea Tr. at 15-16.) The 135-month sentence imposed is below either maximum and, thus, the court need not address this further.

The court evaluates Petitioner's claim of ineffective assistance of counsel under the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 687-88. If that burden is overcome, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. In light of this standard, Petitioner has failed to establish that her attorney provided ineffective assistance.

Petitioner's claim of ineffective assistance due to counsel's alleged statements assuring Petitioner she would receive a sentence lower than that indicated in the Plea Agreement is unfounded and belied by the record. Petitioner stated to the court under oath during her plea allocution that she understood her ultimate sentence could not be guaranteed in advance and, indeed, that no one had made a promise to her as to what her sentence would be. (*See* Guilty Plea Tr. at 13, 16-17, 20, 26.) Petitioner also stated that she understood that the statute she was accused of violating "carries with it a maximum term of imprisonment of life and . . . has a minimum term of imprisonment of ten years." (Guilty Plea Tr. at 16.) The court repeatedly advised Petitioner that it did not know exactly what sentence it would impose, and, each time, Petitioner responded that she understood that fact. (*See* Guilty Plea Tr. at 16-17, 20.) Petitioner further stated under oath that her plea of guilty was voluntary, and that no one had made any promises to induce her to plead guilty including any promise as to what Petitioner's final sentence would be. (Guilty Plea Tr. at 26.) As explicitly stated in the plea agreement and as reiterated by the court, the court is not bound by the sentencing guideline range set forth in the

plea agreement. (*See* Plea Agreement at ¶ 3 ("The Guidelines estimate set forth in paragraph 2 [of the plea agreement] is not binding on the Office, Probation Department or the Court."); Guilty Plea Tr. at 16-20.) Notably, however, the Plea Agreement entered into by Petitioner indicated that the applicable guideline range sentence would be 135-168 months, and the court ultimately sentenced Petitioner to the low end of that guideline range. (*See* Sentencing Tr. at 39.) It is abundantly clear from the record that Petitioner understood that no promises were being made regarding her sentence, the court was not bound by the plea agreement or the applicable advisory sentencing guideline range and, even if the advisory sentencing guideline range estimate was wrong, she would not be permitted to withdraw her guilty plea.

Therefore, Petitioner's claims that counsel's assistance was ineffective because counsel advised her that: (i) there would be a reduction in her U.S.S.G. range due to the amended crack law[5]; (ii) she would be sentenced to 60 months of imprisonment at most; and (iii) she would receive far less time than the amount indicated on the agreement, are baseless. *See Goldberg v. United States*, 100 F. 3d 941, at *1 (2d Cir. 1996) (claim that counsel promised the appellant a maximum sentence is baseless because the appellant also "stated during the plea colloquy that he had not been promised anything with regard to his guilty plea"); *United States v. Soler*, 289 F. Supp. 2d 210, 215 (D. Conn. 2003), *aff'd*, 124 Fed. App'x 62 (2d Cir. 2005) ("even if counsel provides deficient advice, a defendant who understands the actual sentencing possibilities prior to entering the plea cannot succeed on an ineffective assistance of counsel claim because the defendant cannot prove that but for counsel's unprofessional errors, he would have elected to proceed with the trial instead of pleading guilty.") (citations and internal quotation marks omitted). Even assuming counsel provided Petitioner with a mistaken estimate of Petitioner's likely sentence, it would still be insufficient to support a claim for ineffective assistance of

---

[5] *See supra* note 2.

6

counsel.[6] *See Goldberg*, 100 F. 3d at *1 (counsel's mistaken estimate of the appellant's likely sentence is insufficient to support a claim for ineffective assistance of counsel); *United States v. Sweeney*, 878 F. 2d 68, 69-70 (2d Cir. 1989) (counsel's "erroneous estimate" of guidelines sentencing range does not constitute ineffective assistance of counsel).

Although it is unclear to which "amended crack law" Petitioner refers, the court notes that an amendment to the U.S.S.G. took effect on November 1, 2007, which reduced the base offense level applicable to crack cocaine offenses by two levels. *See* U.S.S.G. Supp. to App. C, Amend. 706. As that amendment was implemented prior to both Petitioner entering into the plea agreement and her sentencing before this court, the plea agreement would have used the updated sentencing guidelines and Petitioner was sentenced pursuant to those amended guidelines. In addition, Petitioner pled guilty to knowingly and intentionally conspiring with others to distribute and possess with intent to distribute over five kilograms of powder cocaine in addition to over fifty grams of crack cocaine. (*See* Plea Agreement; Guilty Plea Tr. at 8-9, 28-29.) Notably, as stated by the government and agreed to by both counsel and Petitioner, by entering into the plea agreement Petitioner stipulated to the sentencing guidelines calculation contained therein, as well as to the facts underlying the calculation, including, *inter alia*, that it was reasonably foreseeable to Petitioner that Count One involved at least four and one-half kilograms of crack and five kilograms of powder cocaine. (*See* Guilty Plea Tr. at 21-22.) Thus, Petitioner is not entitled to any reduction contemplated by the Fair Sentencing Act of 2010 and the subsequent sentencing guidelines reductions. *See* U.S.S.G. Supp. to App. C, Amend. 706.

In addition, the court explicitly verified that Petitioner was aware of her rights and had sufficient time to consult with counsel. During the plea allocution, Petitioner clearly indicated

---

[6] Notably, at the sentencing proceeding, defense counsel acknowledged receiving Probation's sentence recommendation, which was 60 months of imprisonment, and advocated for the imposition of such sentence by the court. (*See* Sentencing Tr. at 5, 20.)

that she had discussed her case with her attorney, particularly with regard to the count to which Petitioner pled guilty, and that she was satisfied with her attorney's representation and advice. (Guilty Plea Tr. at 7-9.) Petitioner, a college graduate, also demonstrated during these proceedings, that she understood the terms of the Plea Agreement. (Guilty Plea Tr. at 14-15.) Thus, Petitioner's claim that her plea was not entered into knowingly, voluntarily or intelligently because counsel failed to provide Petitioner with enough time to review the Plea Agreement, is also meritless. *See United States v. Gonzalez*, 647 F. 3d 41, 56-57 (2d Cir. 2011) (in the context of determining the voluntariness of a plea, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [the] guilty plea.") (citations and internal quotation marks omitted); *United States v. Torres*, 129 F. 3d 710, 715 (2d Cir. 1997) (appellant's claim that his attorney coerced him into accepting a guilty plea was without merit because "statements at a plea allocution carry a strong presumption of veracity" and "his unequivocal admissions under oath contradict his unsupported assertions of pressure.") (citations omitted); *Pringle v. U.S.A.*, 2011 WL 3792820, at *3 (S.D.N.Y. Aug. 25, 2011) (" '[I]n the absence of any credible evidence to the contrary, the court is permitted to rely upon the defendant's sworn statements, made in open court, that: his plea was knowing and voluntary . . . [,] he discussed the plea with his attorney, he knew that he could not withdraw the plea, he knew that no promises had been made except those contained in the plea agreement, and he was satisfied with the advice of counsel.' ") (quoting *Soler*, 289 F. Supp. 2d at 216).

The remaining claims in the petition also fail to demonstrate ineffective assistance of counsel. First, Petitioner claims that counsel failed to submit motions on her behalf. However, Petitioner does not state what motions counsel failed to submit and the court can see no motion that would have helped Petitioner receive a lower sentence here. Also, by entering into the plea

agreement, Petitioner gave up her right to challenge the conviction or sentence if the court imposed a term of imprisonment of 181 months or less, which the court did here. (*See* Plea Agreement at ¶ 4; Sentencing Tr. at 39.) Second, Petitioner claims that counsel had her lie to the government to obtain the safety valve. However, Petitioner provides no factual support for this claim and, even if Petitioner's allegation was true, it did not prejudice Petitioner, because the court ultimately applied the safety valve, which resulted in the application of a lower sentencing guideline range.[7] Accordingly, Petitioner has failed to demonstrate that she received ineffective assistance of counsel with regard to these remaining claims.

In her reply, filed August 13, 2010, Petitioner raises claims that were not raised in her petition. (*See generally* Docket 09-CV-5703, Entry No. 8 ("Reply").) In light of Petitioner's *pro se* status, the court will incorporate these claims into the Petition and address them accordingly. *See Triestman*, 470 F. 3d at 474. First, Petitioner claims that her Sixth Amendment rights were violated because counsel improperly failed to raise, at sentencing, personal characteristics that Petitioner contends qualified her for a variance in the U.S.S.G. pursuant to 18 U.S.C. § 3553. (Reply at 7.) The court rejects this claim because, according to Petitioner, those personal characteristics were included in her PSR and, thus, the court reviewed and carefully considered them in Petitioner's sentencing. (*See* Sentencing Tr. at 4.) Consequently, Petitioner was not prejudiced by any failure of counsel to specifically raise those characteristics during the sentencing proceedings.

---

[7] The court gave Petitioner "the benefit of applying the safety valve with the resulting two point decrease or reduction in the sentencing guidelines calculation," despite the fact that guns, crack and powder cocaine were recovered in the apartment where defendant resided with her drug dealer boyfriend. However, after the court considered the other relevant factors, it still resulted in "the same sentencing guideline calculation [from] the first presentence report . . . [which is] a total offense level of 33, and a criminal history category of one, which provides a sentencing range of 135 to 168 months." (Sentencing Tr. at 19.)

9

Second, Petitioner claims that her Sixth Amendment rights were violated because counsel failed to properly investigate her case and prepare a defense strategy prior to the plea proceedings. (Reply at 4-7.) Although failure to conduct adequate pre-trial investigation may serve as the basis for an ineffective assistance of counsel claim, *see Strickland*, 466 U.S. at 690-91, "[i]n order to sustain such a claim, [P]etitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation." *Kang v. U.S.*, 2009 WL 4016494, at *7 (E.D.N.Y. Nov. 19, 2009). Here, Petitioner merely contends that counsel did not sufficiently investigate the discovery material and, if counsel "had investigated [Petitioner's] case and was able to contend with the Government that they had no direct evidence of conspiracy, [counsel] could have secured a [better] deal for [Petitioner]." (Reply at 4-6.) These allegations are vague, conclusory and speculative and, thus, insufficient to demonstrate ineffective assistance of counsel, even if counsel was unable to articulate specific defenses to the charges during Petitioner's guilty plea proceedings. (*See* Reply at 4-7.)

Petitioner also asserts in her Reply brief that counsel's failure to investigate the case improperly led to Petitioner's decision to speak to the government in a proffer session, and, had she not done so, she would have been "entitled to the Probation Department's 60-month recommended sentence." (Reply at 7.) However, Petitioner never would have been "entitled" to any sentence recommended by the probation department, (*see* Reply at 7), because, as the court clearly explained and Petitioner indicated that she understood, Petitioner's sentence could not be guaranteed and the court was in no way bound by any sentencing recommendation, (*see* Guilty Plea Tr. at 16-17, 20). Moreover, absent Petitioner's eligibility for the safety valve, the court would not have been empowered to impose a sentence below the statutory mandatory minimum of 120 months. (*See* U.S.S.G. § 5C1.2.)

In sum, not only has Petitioner failed to show that counsel's representation fell below an objective standard of reasonableness, but "even if [Petitioner's] trial counsel did not apprise [her] of [her] basic rights and the risks in pleading guilty, [Petitioner] cannot prove prejudice because [she] was so informed by this [c]ourt at the plea hearing." *See Wang v. U.S.*, 2011 WL 73327, at *5 (E.D.N.Y. Jan. 10, 2011). Thus, Petitioner fails to demonstrate ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687-88.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief pursuant to Section 2255 is denied in its entirety. Petitioner is further denied a certificate of appealability as she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
    January 26, 2012

/s/
DORA L. IRIZARRY
United States District Judge

11